. IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RAYEMAN ELEMENTS, INC., a Maryland corporation, SAMANTHA RAE WESTERN, an individual, RAYMOND TAYLOR JOHNSON, JR., an individual,** | ) ) ) ) ) ) | **CASE NO. 8:15CV89** |
| **Plaintiffs,** | ) ) | **MEMORANDUM AND ORDER** |
| **v.** | ) ) ) | |
| **MASTERHAND MILLING, LLC, a Kansas limited liability company, INTEGRATED RESOURCES, LLC, an Oklahoma limited liability company, INTEGRATED FEED SOLUTIONS, LLC, an Oklahoma limited liability company, MICHAEL RAY THOMAS, Bill Graddy, an individual,** | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

This matter is before the Court on two Motions to Dismiss, that of Defendants Integrated Resources, LLC, Integrated Feed Solution, LLC, and Bill Graddy (Filing No. 20), and that of Defendant Masterhand Milling, LLC (Filing No. 27). For the reasons discussed below, the Motions will be granted in part, and this action will be stayed pending the disposition of a parallel state-court proceeding.

**SUMMARY OF FACTUAL ALLEGATIONS IN COMPLAINT**

As Plaintiffs' Complaint (Filing No. 1) fairly notes, their claims "arise out of a complicated set of facts[.]" (*Id*. at 1.) A this stage of the proceedings, the Court accepts as true all well-pled facts in the Complaint, though the Court need not accept the Plaintiffs' conclusions of law.

Summarized and simplified, the Complaint alleges that Plaintiffs Samantha Rae Western ("Western") and Raymond Taylor Johnson, Jr. ("Johnson") and Defendant Michael Ray Thomas ("Thomas") collectively own certain patents, patent applications, and technologies related to the curing, drying, and compressing of distiller's grains used for livestock feed (the "Technology"). On April 15, 2011, Plaintiff Rayeman Elements, Inc. ("Rayeman") obtained an exclusive license to the Technology. On December 24, 2013, Rayeman's lender, Midwest Community Development Fund IV, LLC ("Midwest"), obtained a security interest in the Technology in consideration for certain loans.

In August 2013, Defendant Bill Graddy ("Graddy") acting on behalf of Defendant Integrated Feed Solutions, LLC ("Integrated Feed"), and Western acting on behalf of Rayeman, entered into an Asset Purchase Agreement for the sale of certain physical assets from Rayeman to Integrated Feed. On November 20, 2014, Thomas entered into an Intellectual Property Purchase Agreement with Defendant Integrated Resources, LLC ("Integrated Resources") through which Thomas purported to assign his interest in the Technology to Integrated Resources, which then licensed the purported rights to Integrated Feed which then licensed the purported rights to Defendant Masterhand Milling, LLC ("Masterhand") that has been using the Technology since November 2014.

Plaintiffs contend that Rayeman has the exclusive license to the Technology. Plaintiffs filed this action on March 22, 2015, seeking (1) a declaratory judgment confirming ownership of the Technology in certain percentages held by Western, Johnson, and Thomas; Rayeman's exclusive license to the Technology; and the other Defendants' lack of any right to the Technology, (2) injunctive relief and an award of damages against

2

Masterhand for patent infringement, and (3) an award of damages against Graddy for inducing the alleged infringement.

Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and (7). All parties have presented evidentiary materials in support of their respective positions.

## STANDARD OF REVIEW

### Fed. R. Civ. P. 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint 'need not include detailed factual allegations.'" *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 406 (8th Cir. 2013) (quoting *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629 (8th Cir. 2010)). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (quoting *Bell Atlantic Corp v. Twombly* 550 U.S. 544, 555 (2007)). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 535 (quoting *Twombly* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) *cert. denied*, 133 S. Ct. 2354 (U.S. 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009))(internal quotation marks omitted).

3

"Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010))(internal quotation marks omitted). "[L]egal conclusions can provide the framework of a complaint" but "must be supported by factual allegations," *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 679), that "raise a right to relief above the speculative level." *Id.* at 1014 (quoting *Twombly,* 550 U.S. at 555). When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555-556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  However, "to withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to state a claim of relief that is plausible on its face." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (internal quotation marks omitted) (citing *Twombly* at 547).

"Two working principles underlie . . . *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679 (citing *Twombly*, 550 U.S. at 556).  "Determining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

### Fed. R. Civ. P. 12(b)(7)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for "failure to join a party under Rule 19," Fed. R. Civ. P. 12(b)(7), the Court must first determine if the party is a "necessary party" under Rule 19(a)(1). *Baker Group, L.C. v. Burlington N. & Santa Fe Ry. Co.*, 451 F.3d 484, 490 (8th Cir. 2006) (citing Fed. R. Civ. P. 19(a)). Rule 19 states that a party is "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the party is "necessary," subject to service of process, and joinder would not deprive the Court of subject matter jurisdiction, then "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). If the party is "necessary" but joinder is not feasible because the party is not subject to service of process or joinder

would "deprive the Court of subject matter jurisdiction," Fed. R. Civ. P. 19(a)(1), then the

Court must determine under Rule 19(b), if "in equity and good conscience, the action

should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b);

*see also Baker Group*, 451 F.3d at 490 (citing Fed. R. Civ. P. 19(b); *Ranger Transp., Inc.*

*V. Wal-Mart Stores*, 903 F.2d 1185, 1187 n. 2 (8th Cir. 1990) (citing Fed. R. Civ. P. 19(b)).

Rule 19(b) states that the factors that a court may consider when deciding whether an

action should proceed or be dismissed in the absence of a "necessary" party include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

## DISCUSSION

Defendants Integrated Resources, Integrated Feed, and Graddy, move to dismiss

the Plaintiffs' action on the basis that (1) Plaintiffs lack standing to bring their claims

because not all the owners of the Technology are parties plaintiff, and (2) there is a parallel

action pending in state court which was filed before this action.  Defendant Masterhand

moves to dismiss the Plaintiffs' action on those same grounds, and on the basis that (3)

6

Rayeman voluntarily sold the allegedly infringing machinery, so Rayeman's rights to the Technology are exhausted.

I.      **Standing**

Defendants do not concede that Western or Johnson has any ownership interest in the Technology, and they assert that Integrated Resources *does* have an ownership interest pursuant to the Intellectual Property Purchase Agreement executed by Thomas. Regardless, Defendants note it is undisputed that Thomas *is* an owner of the Technology and is not a party plaintiff.  Defendants cite Federal Circuit precedent for the principle that *all* parties with rights to a patent must bring any action to enforce the patent.  *Taylor v. Taylor Made Plastics, Inc.,* 565 Fed. Appx. 888, 889 (Fed. Cir. 2014) ("If any co-owner should refuse to join as a co-plaintiff, the suit must be dismissed for lack of standing."); *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-65 (Fed. Cir. 2007) ("Absent the voluntary joinder of all co-owners of a patent, a co-owner acting alone will lack standing."); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998) ("[A]s a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit."); *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997) ("Ordinarily, one-co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit.").

Plaintiffs acknowledge the general rule, but note that there is an exception when the action is brought by an exclusive licensee: "'[W]hen any patent owner has granted an exclusive license, he stands in a relationship of trust to his licensee' and can be involuntarily joined as a plaintiff in the licensee's infringement suit."  *STC UNUM v. Intel*

7

*Corp.,* 754 F.3d 940, 946 (Fed. Cir. 2014) (quoting *Ethicon, Inc. V. United States Surgical Corp.*, 135 F.3d 1456, 1468 n. 9 (Fed. Cir. 1998)).

Integrated Resources, Integrated Feed, and Graddy submitted no reply brief. In Masterhand's reply brief, it does not dispute that Rayeman has standing to pursue its claims, but asserts that Western and Johnson lack standing, because Thomas is not a party plaintiff. (See Filing No. 36 at 2.) Rayeman notes that Western and Johnson were joined as necessary parties and are listed as plaintiffs because they consented to the suit, not because they are asserting any claims for patent infringement. (*See* Filing No. 39 at 2.) Accordingly, Plaintiffs' Second Claim for Relief and Third Claim for Relief will be dismissed as to Plaintiffs Western and Johnson, and the Defendants' Motions to Dismiss based on lack of standing and failure to join an indispensable party are otherwise denied.

## II.    Parallel State Court Proceedings

On February 5, 2015, Integrated Feed and Integrated Resources filed an action in the District Court of Tulsa County, Oklahoma, naming Rayeman, Thomas, and Western as defendants. (*See* Filing No. 20 at 7-16.) In the state court petition, it is alleged that Integrated Resources acquired "patents, patent applications and intellectual property, including trade secrets, owned by Thomas and used by Rayeman[.]" (*Id.* at 10.) Integrated Feed and Integrated Resources allege breach of contract, interference with contract, and fraud, and they seek injunctive relief as well as damages. (*Id*. at 10-15.)

The Colorado River Doctrine authorizes a federal district court to dismiss or stay an action when there is an ongoing action in state court and there is "a substantial similarity . . . between the state and federal proceedings, which similarity occurs when there is a

8

substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Fru-Con Constr. Corp. v. Controlled Air, Inc.,* 574 F.3d 527, 535 (8th Cir. 2009). The doctrine rests "on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Plaintiffs argue that the Oklahoma litigation will not resolve all the issues presented here. Plaintiffs note that Masterhand and Graddy are not parties to the state court action, so Rayeman's claims against them for patent infringement and inducement of infringement will not be resolved through the state court action. Plaintiffs also note that Johnson is not a party to the state court action, and the state court will not determine the respective ownership rights to the Technology vis a vis Thomas, Western, and Johnson.

While the Plaintiffs' arguments are well-taken, it *does* appear that the state court action will resolve the question of whether Rayeman has an exclusive license to the Technology, or retained any interest in the Technology at all after November 2014. That is a contract question, governed by state contract law, and the state court action was the first-filed. While the state court may well determine that Rayeman has an exclusive license to use the Technology and that Rayeman's claims asserted in this action are viable, it is also possible that the state court action will reveal that Rayeman has no such license and Rayeman's actions for declaratory judgment, patent infringement, and inducement of patent infringement are moot. Because Western and Johnson were merely joined as "necessary parties," not because they have any standing to assert patent infringement (*see* Plaintiffs' Surreply Brief, Filing No. 39 at 2), it appears there will be no case or controversy

9

remaining in this Court if the state court resolves the contract questions in favor of the state-court plaintiffs. Accordingly, this action will be stayed pending the resolution of the pending state court claims.

**III.    Exhaustion of Claims through Sale of Patented Machinery**

Masterhand argues that Rayeman's sale of equipment pursuant to the Asset Purchase Agreement terminated any right Rayeman may have had to assert patent infringement claims in connection with that equipment. "The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elec., Inc.*, 553 U.S. 617, 624 (2008). "[W]here a person ha[s] purchased a patented machine of the patentee or his assignee, this purchase carrie[s] with it the right to the use of the machine so long as it [is] capable of use." *Id.* at 625 (quoting *Adams v. Burke*, 84 U.S. 453, 455 (1873)). "The rationale underlying the doctrine rests upon the theory that an unconditional sale of a patented device exhausts the patentee's right to control the purchaser's use of that item thereafter because the patentee has bargained for and received full value for the goods." *Keurig, Inc. v. Sturm Foods, Inc*., 732 F.3d 1370, 1373 (Fed. Cir. 2013).

Rayeman's claims of patent infringement, and Masterhand's defense of exhaustion, will be moot if the state court determines that Rayeman did not have an exclusive license to the Technology after November 2014. If the state court determines that Rayeman has such a license, or did have such a license at some time after November 2014, then Masterhand may raise its defense through a motion for summary judgment.

10

**CONCLUSION**

Because there is a substantial likelihood that pending state court proceedings, filed before this action, may fully dispose of the claims presented here, this action will be stayed pending resolution of the parallel proceedings in state court.


IT IS ORDERED:

1.      The Motion to Dismiss submitted by Defendants Integrated Resources, LLC, Integrated Feed Solutions, LLC, and Bill Graddy (Filing No. 20) and the Motion to Dismiss submitted by Defendant Masterhand Milling, LLC (Filing No. 27) are granted in part, as follows:

(a).   All claims presented by Plaintiff Samantha Rae Western and Plaintiff Raymond Taylor Johnson, Jr., for patent infringement (Second Claim for Relief) and inducement of infringement (Third Claim for Relief) are dismissed;

(b).   This action is stayed pending final disposition of parallel proceedings pending in the District Court of Tulsa County, Oklahoma, *i.e.*, Integrated Feed Solutions, LLC, and Integrated Resources, LLC v. Rayeman Elements, Inc., Michael Thomas, and Samantha Western, Case No. CJ-2015-449;

The Motions to Dismiss are otherwise denied; and

2.      Counsel for the parties will file with this Court a Stipulation within ten days of the final disposition of the parallel state court proceedings, attaching a copy of the final order adjudicating the issues presented in state court, or

11

informing this Court of the final settlement of such issues, and, if claims remain to be determined by this Court, moving for the issuance of a Progression Order.

DATED this 12th day of June, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge